# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:12-cr-285-03-WSD-AJB |
| CLINTON SAINTVIL, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Clinton Saintvil's Motion to Reopen Detention Hearing ("Motion") [154]. Defendant seeks to be released from pre-trial detention, claiming that he is not a danger to the community or a flight risk, can obtain funds from family members and friends to post bond, and wants to devote his "complete and undivided attention" to the charges pending against him. (Mot. at 1-2).

## I.     BACKGROUND

On August 29, 2012, Defendant Saintvil was indicted with co-defendants Joshua Hill and Fabian Murray for conspiracy to engage in sex trafficking of children in violation of 18 U.S.C. § 1594(c), and for the substantive offense of sex

trafficking of minors, including by use of threat of use of force, in violation of 18 U.S.C. § 1591(a)(1). Sex trafficking is a crime of violence.

On August 30, 2012, Saintvil was arrested and made his initial appearance before Magistrate Judge Russell G. Vineyard. On September 6, 2012, Magistrate Judge Vineyard conducted a detention hearing and ordered that Saintvil be detained pending trial.

On September 25, 2012, Defendant appealed Magistrate Judge Vineyard's detention order and, on April 29, 2013, the Court denied his appeal [109]. In its April 29th Order, the Court determined that, because Saintvil is charged with a crime of violence, under 18 U.S.C. § 3142(e)(3)(E) a rebuttable presumption of detention arises which shifts to Defendant the burden to produce evidence to "suggest that he . . . [was] either not dangerous or not likely to flee if turned loose on bail." See United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990). Defendant argued in his appeal that he should be released pending trial because his conduct was less culpable than his co-defendants, he did not commit acts of violence against the minor girls being trafficked, and he did not display a firearm in their presence. The Court found, among other things, that Defendant was an integral member of the trafficking organization, that he had transported children to a location where they were forced to engage in commercial sex activities, that he

was present when a co-defendant choked a child who refused to engage in commercial sex, and that he had in the past assaulted his son's mother. Even though he argued that he had the support of his family members, Defendant's sister, who testified at his detention hearing on this issue, was not aware of his past assault on his son's mother. There also was no evidence to support his claim that he was connected to his community. Although Defendant claimed that he had been actively searching for employment at the time of his arrest, he did not offer evidence to support this claim. There was, however, evidence that Defendant had been dealing in marijuana.

The Court found further that even if detention was not presumed, the preponderance of the evidence supported that Saintvil was a flight risk and the clear and convincing evidence supported that he was a risk to the safety of the community. The Court considered the factors set forth in 18 U.S.C. § 3142(g) in reaching these conclusions and noted, in further support of its decision to continue detention, that Defendant is facing a mandatory minimum sentence of fifteen (15) years, that he had been arrested with his wife on charges of engaging in prostitution, and that he had previously violated his probation in Cobb County including by giving a false name while on probation. The Court thus concluded that the evidence was compelling that Defendant is a danger to the safety of the

community, a risk to flee, and that no conditions can be imposed to adequately address these risks.

## II. DISCUSSION

### A. Standard on Motion for Reconsideration

"Although no statute or rule expressly provides for the filing of a motion for reconsideration in criminal cases, federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." United States v. Jewett, No. 09-00076-KD, 2009 U.S. Dist. LEXIS 75021, at *1 (S.D. Ala. Aug. 24, 2009) (internal quotations and citations omitted).[1] The appropriate grounds for granting reconsideration include: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Id.; see also Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (discussing motions for reconsideration in the civil action context); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party

---

[1] The Eleventh Circuit has considered motions for reconsideration in criminal cases only in the limited context of considering whether these motions may act as tolling motions for purposes of filing a timely appeal. See United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) ("[A] motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure . . . .").

4

and their counsel to instruct the court on how the court 'could have done it better' the first time.").

A detention hearing can be "reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

B.  Analysis

Defendant, in his Motion to Reopen Detention Hearing, does not offer new or additional information, not known to him at the time of his detention hearing, that would have had a material bearing on whether release conditions exist that would reasonably assure his appearance and the safety of others. He simply has not offered any further evidence showing that he is not a flight or safety risk to support reopening his detention hearing. 18 U.S.C. § 3142(f)(2). Defendant only reiterates the arguments he presented at his detention hearing and in his appeal of the detention order, asserting without support that he has rebutted the presumption of detention and otherwise has shown that he should be released pending trial.

Saintvil essentially requests the Court to reconsider its previous order denying his appeal.

Defendant has not shown that there was an intervening change in controlling law, new evidence, or the need to correct a clear error or manifest injustice, to support reconsideration of the Court's April 29th Order denying Defendant's appeal of his pre-trial detention.  See Jewett, 2009 U.S. Dist. LEXIS 75021, at *1; cf. Jersawitz, 71 F. Supp. 2d at 1344.  Even if the Court elected to review *de novo* whether Defendant has rebutted the presumption of detention or consider his conduct without the presumption, the record in this matter shows that Defendant has engaged in conduct ranging from endangering the safety and well-being of children and his family members, to dealing in controlled substances, to failing even to conform his conduct to the requirements of court supervision.  The Court again reaches the obvious conclusion that Defendant is a substantial risk to the safety and well-being of others and is a risk to flee.  See 18 U.S.C. § 3142(g).

### III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Detention Hearing [154] is **DENIED**.

**SO ORDERED** this 27th day of November, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE